IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: FLORA KOUTOUZAKIS, : Chapter 13
       Debtor, : Case No. 5:15-bk-04019

## CERTIFICATE OF SERVICE PER LOCAL RULE 3015-1

    I hereby certify that I am more than 18 years of age and that on **September 11, 2017**, I served a true and correct copy of the **Notice of** & **Motion to Modify Plan** and **Second Amended Chapter 13 Plan** on the following parties in the above-captioned matter in the manner described below:

| *Name and Address* | *Mode of Service* |
|---|---|
| Officer, Managing or General Agent, or Agent Authorized to Receive Service of Process<br>LVNV Funding, LLC c/o Regent Capital Services, LP<br>PO Box 10675<br>Greenville, SC 29603-0675 | Regular First-Class Mail |
| Officer, Managing or General Agent, or Agent Authorized to Receive Service of Process<br>Five Lakes Agency, Inc.<br>JPMorgan Chase Bank, NA<br>PO Box 80730<br>Rochester, MI 48308 | Regular First-Class Mail |

                                NEWMAN, WILLIAMS, MISHKIN,
                                CORVELEYN, WOLFE & FARERI, PC.

By:  /s/ J. Zac Christman
      J. ZAC CHRISTMAN, ESQUIRE
      Attorneys for Debtor
      P.O. Box 511, 712 Monroe Street
      Stroudsburg, PA 18360
      (570) 421-9090, fax (570) 424-9739
      jchristman@newmanwilliams.com

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** **FLORA KOUTOUZAKIS**, | : | Chapter 13 |
| Debtor, | : | **Case No. 5:15-bk-04019** |
| Address: 271 Oak Lane | : | |
| Cresco, PA 18326 | : | |
| Last four digits of Social Security or Individual Tax-payer | : | |
| Identification (ITIN) No(s)., (if any): **0236** | : | |
| Employer's Tax Identification (EIN) No(s)., (if any): **N/A** | : | |

## NOTICE OF MOTION TO MODIFY CONFIRMED PLAN & SECOND AMENDED CHAPTER 13 PLAN

Debtor **FLORA KOUTOUZAKIS** has filed papers with the court to modify her Confirmed Chapter 13 Plan, and make the proposed **Second Amended Chapter 13 Plan** the Confirmed Chapter 13 Plan, as Modified.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult with one.)

If you do not want the court to grant the **Motion to Modify Confirmed Plan** and make the proposed **Second Amended Chapter 13 Plan**, the Confirmed Chapter 13 Plan, as Modified, or if you want the court to consider your views on the **Motion to Modify Confirmed Plan** and **Second Amended Chapter 13 Plan**, then on or before **September 28, 2017**, you or your attorney must:

File a written Response/Objections at:
Clerk, U.S. Bankruptcy Court
274 Max Rosenn U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701

If you mail your Response/Objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above (**September 28, 2017**).

You must also send a copy to: J. Zac Christman, Esquire, PO Box 511, 712 Monroe Street, Stroudsburg, PA 18360

If a Response/Objection is filed, the Court will schedule a hearing and you or your attorney will be notified. You must attend that hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated: **September 7, 2017**      /s/ J. Zac Christman
**NEWMAN, WILLIAMS, MISHKIN,**
**CORVELEYN, WOLFE & FARERI, P.C.**
Attorneys for Debtor
P.O. Box 511, 712 Monroe Street
Stroudsburg, PA 18360

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:  **FLORA KOUTOUZAKIS,**    :   Chapter 13
     Debtor**,**         :   Case No. 5:15-bk-04019

## MOTION TO MODIFY CONFIRMED PLAN

  AND NOW COMES Debtor **FLORA KOUTOUZAKIS,** by and through her attorneys, NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C., with Motion to Modify Confirmed Plan and in support thereof avers:

  1. Debtor's First Amended Chapter 13 Plan was confirmed on November 23, 2016.

  2. Subsequently, Debtor defaulted on her Plan payments, and suffered a Motion to Dismiss, which demonstrated the infeasibility of completing a Plan that provided for retention of her residence other than via loan modification.

  3. Debtor desires to Modify and Amend her Chapter 13 Plan to surrender her residence unless she obtains a loan modification on or before March 31, 2018, and minimize her Plan payments to facilitate completion of any offered trial loan modification.

  4. Debtor proposes that pursuant to Section 1329(a) of the Bankruptcy Code, Debtor's First Amended Chapter 13 Plan be modified as set forth in the Second Amended Chapter 13 Plan filed in conjunction with this Motion and incorporated herein by reference as if set out length.

  WHEREFORE, Debtor **FLORA KOUTOUZAKIS** prays this Honorable Court for an Order that GRANTS her Motion to Modify Confirmed Plan, MODIFIES the confirmed Chapter 13 Plan, and APPROVES the Second Amended Chapter 13 Plan as the confirmed Chapter 13 Plan, as modified, and for such other and further relief as the Honorable Court deems just and appropriate.

           NEWMAN, WILLIAMS, MISHKIN,
           CORVELEYN, WOLFE & FARERI, P.C.

      By: /s/ J. Zac Christman
        J. ZAC CHRISTMAN, ESQUIRE
        Attorney for Debtor
        PO Box 511, 712 Monroe Street
        Stroudsburg, PA 18360
        (570) 421-9090; fax (570) 424-9739
        jchristman@newmanwilliams.com

JZC/EAP

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | CASE NO. **5:15-bk-04019** |
| **FLORA KOUTOUZAKIS,** | : | |
| | : | CHAPTER 13 PLAN |
| | : | [2] # MOTIONS TO AVOID LIENS |
| | : | [1] # MOTIONS TO VALUE COLLATERAL |
| DEBTOR(S) | : | [ ] ORIGINAL PLAN |
| | : | [2nd] AMENDED PLAN |
| | : | (Indicate 1st, 2nd, 3rd, etc.) |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**PLAN PROVISIONS**

**DISCHARGE:** (Check one)

[X] The debtor(s) will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor(s) is/are not eligible for a discharge of debts because the debtor(s) has/have previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[X] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in the Section 8 of this plan. *Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.*

**1. PLAN FUNDING AND LENGTH OF PLAN**

A. <u>Plan Payments</u>

1. To date, the Debtor(s) has paid $**13,950** *(enter $0 if no payments have been made to Trustee to date)*. Debtor(s) shall pay the Trustee for the remaining term of the Plan the following payments.

If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $**15,150**, plus other payments and property stated in Paragraph B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| **10/2017** | **09/2018** | **$100** | **N/A** | **$ 1,200** |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  | **$ 1,200** |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE:   ( X )   Debtor(s) is at or under median income.
   ( )   Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

3. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

**2. SECURED CLAIMS**

A. Pre-Confirmation Distributions. Adequate protection and conduit payments in the following amounts will be paid by the Debtor(s) to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  | $ |

2

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim of this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor(s)</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| **Wilmington Savings Fund Society, FSB via Rushmore (successor to Seterus)** | 1st Mortgage on Debtor's residence at 271 Oak Lane, Cresco, PA. | $ 726.96 | $ 110,778.72 |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Wilmington Savings Fund Society, FSB via Rushmore** | 1st Mortgage on Debtor's residence. | $ 59,334.54 | N/A | $10,186.85 (paid via prior Plan) |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| **JPMorgan Chase Bank NA** | 2nd Mortgage on Debtor's residence. | No Value | 0% | $0.00 | Plan* |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSE TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E. Other Secured Claims. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | % | $ |

F. Surrender of Collateral. Debtor(s) surrenders the following assets to secured creditors. ~~Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered.~~ This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **Wilmington Savings Fund Society, FSB, via Rushmore** | **271 Oak Lane, Cresco, PA (See paragraph 8.B. below)** |

G. Lien Avoidance. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) *(this section should not be used for statutory or consensual liens such as mortgages)*:

| Name of Creditor | Description of Collateral |
|---|---|
| **LVNV Funding, LLC, c/o Resurgent Capital Services** | Judgment alleged in Proof of Claim No. 3 as recorded with Prothonotary for Court of Common Pleas of Monroe County |

H. Optional provisions regarding duties of certain mortgage holders and servicers. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. *(Check if applicable)*
( X )Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:
(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.
(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.
(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

    A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under paragraph 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4

B. Administrative Claims:
   (1) Trustee fees.    Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

   (2) Attorney fees. Check one box:

   ☒    In addition to the retainer of $**1,015.20** already paid by the Debtor, the amount of $**3,484.80** in the plan.  This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

   ☐    $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney.  Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

   (3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  | $ |

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>.  Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
|  |  | $ | % | $ |

   B. <u>Claims of General Unsecured Creditors</u>.  All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**.  The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment in Plan | Assume/Reject |
|---|---|---|---|---|---|---|
|  |  | $ | % | $ | $ |  |

6. **REVESTING OF PROPERTY: (Check One)**

   ☐    Property of the estate will vest in the debtor(s) upon confirmation. *(Not to be used with paragraph 2H)*.

   ☒    Property of the estate will vest in the debtor(s) upon closing of the case.

5

7. **STUDENT LOAN PROVISIONS**:

   A. <u>Student loan provisions</u>.    This plan does not seek to discharge student loan(s) except as follows:
   *(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)*

| Name of Creditor | Monthly Payments | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

   Include the additional provisions below or on an attachment.  *(NOTE: The Plan and any attachment must be filed as one document, not as a plan and exhibit.)*

   **A.** The second lien position mortgage of **JPMorgan Chase Bank NA** (formerly held by Washington Mutual), its successors, predecessors and assigns, hereinafter referred to as "Lender", is being avoided via this Plan.
   (i) Confirmation of this Plan shall constitute a finding that for purposes of this bankruptcy case and all matters relevant thereto the value of the real property known as **Lot No. 25, Section B, Oaklyn Park, Barrett Township, Monroe County, PA (address: 271 Oak Lane, Cresco, PA)**, and the Deed for this property having been recorded with the Recorder of Deeds in and for Monroe County, Pennsylvania at Monroe County Deed Book Volume 2037, Page 9813, hereinafter referred to as the "Property", is **$89,075.00**.  Documentation verifying this value is or will be filed of record with this Court.
   (iii) Upon confirmation of this Plan the entire balance owed to Lender shall be deemed a general unsecured claim without further Order of this Court, provided that:
      (1) Lender's claim, upon the filing of a valid and timely Proof of Claim, shall be allowed as a non-priority general unsecured claim and may share in any distribution to general unsecured creditors.
      (2) The avoidance of Lender's junior lien is contingent upon the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge.
      (3) Upon receipt of the Debtors' Chapter 13 discharge and completion of Debtors' Chapter 13 Plan, Lender shall within a reasonable time arrange to have the second lien position mortgage marked "satisfied" with the Monroe County Recorder of Deeds'
      (4) Lender shall retain its lien for the full amount due under the subject loan should the property be sold or should a refinance take place prior to the completion of the Chapter 13 Plan and entry of a Discharge.
      (5)  Lender shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the case to another Chapter under the United States Bankruptcy Code.
      (6)  In the event that any entity, including the holder of the first lien on the Property, forecloses on its security interest and extinguishes Lender's lien prior to the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 Discharge, Lender's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.
      (7) In the event that the property is destroyed or damaged, pursuant to the terms of the mortgage, Lender is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.
      (8) Each party shall bear their own attorneys' fees and costs incurred in this matter.
   (iii) The Confirmation Order and Discharge Order may be filed with the Recorder of Deeds in and for Monroe County, Pennsylvania, which shall satisfy and avoid the mortgage held by Lender against the Property, as recorded at Monroe County Record Book Volume 2313, Page 9829.

B. Debtor intends to apply for a loan modification of the mortgage held by **Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Carlsbad Funding Mortgage Trust** and serviced by **Rushmore Loan Management Services** (collectively "Lender"). As a consequence, there is no provision for payment of pre-petition mortgage arrears via this plan beyond those paid by the Trustee prior to September 1, 2017. In the event a final mortgage modification is not achieved prior to March 31, 2018, Lender shall have relief from stay pursuant to paragraph 2.E. above.

9. **ORDER OF DISTRIBUTION**

Payments from the plan will be made by the trustee in the following order:

| Level 1 | Adequate protection payments | $ -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | **$ 3,484.80** | |
| Level 3 | Domestic Support Obligations | $ -0- | |
| Level 4 | Priority claims, pro rata | $ -0-- | |
| Level 5 | Secured claims, pro rata | **$10,186.85** | |
| Level 6 | Specially classified unsecured claims | $ -0- | |
| Level 7 | General unsecured claims | **$ 266.35** | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $ -0- | |
| | Subtotal | | **$13,938** |
| | Trustee Commission (Estimated at 8%) | $ 1,212 | |
| | Total | | **$15,150** |

If the above Levels are not filled in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Priority claims, pro rata.
Level 5:     Secured claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor(s). Claims filed after the bar date that are not properly served on the trustee will not be paid. The responsibility for reviewing the claims and objecting where appropriate rests with the debtor(s).

Dated: September 5, 2017                /s/ J. Zac Christman
                                        J. Zac Christman, Esquire, Attorney for Debtor


                                         /s/ Flora Koutouzakis
                                        FLORA KOUTOUZAKIS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: **FLORA KOUTOUZAKIS**, : Chapter 13
 Debtor**,** : Case No. 5:15-bk-04019

## ORDER GRANTING
## MOTION TO MODIFY CONFIRMED PLAN

AND NOW, upon consideration of Debtor's Motion to Modify Confirmed Plan, Debtor's Second Amended Chapter 13 Plan, and after Notice to all creditors and parties in interest, it is hereby **ORDERED** that the Debtor's Motion to Modify Confirmed Plan is GRANTED. It is further **ORDERED** that the amendments in the Second Amended Chapter 13 Plan filed in conjunction with Debtor's Motion to Modify Confirmed Plan are hereby APPROVED, and Debtor's Second Amended Chapter 13 Plan is hereby ADOPTED as the Confirmed Chapter 13 Plan, as Modified.